UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIMOTHY MUNSON,

                    Petitioner,

   -vs-

DAVID ROCK,

                    Respondent.

**No. 09-CV-6655(MAT)**
**DECISION AND ORDER**

## I.   Introduction

<u>Pro se</u> petitioner Timothy Munson ("Munson" or "Petitioner") filed this Petition for a writ of habeas corpus challenging the constitutionality of his conviction following a guilty plea to first degree assault. Also pending is Munson's motion to stay the petition and motion to invoke discovery procedures (Docket No. 11). For the reasons that follow, the petition is dismissed and the motion to stay and motion for discovery are denied with prejudice.

## II.  Factual Background and Procedural History

While on parole, Munson robbed Devon Crittendon at gunpoint and also shot him during commission of the robbery. Petitioner was convicted on March 15, 2005, after a guilty plea in Monroe County Supreme Court of first degree assault in full satisfaction of the indictment. He was sentenced as a second felony offender to fourteen years in state prison with five years of post-release supervision.

Before perfecting his direct appeal, Petitioner submitted a pro se motion to vacate the judgment under New York Criminal Procedure Law ("C.P.L.") § 440.10 on the ground that his counsel was allegedly ineffective in regard to sentencing advice. That motion was summarily denied on October 19, 2006, and leave to appeal was denied on July 24, 2007.

Represented by counsel, Petitioner subsequently perfected his direct appeal. The Fourth Department unanimously affirmed the conviction in a summary order on June 6, 2008. Leave to appeal was denied on September 15, 2008.

## III. Timeliness

Respondent argues that the Petition is untimely under 28 U.S.C. § 2244(d)(1) and that Munson is not entitled to equitable tolling of the statute of limitations. The Court agrees with Respondent that Petitioner's conviction became final on December 14, 2008, and the limitations period expired one year from that date.

Respondent argues that the Petition was filed on the date that it was received by the Court, which was December 14, 2009. This argument ignores the well-settled "prisoner mailbox rule". In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  487 U.S. 166, 276 (1988).

-2-

The rule is premised on the fact that a <u>pro</u> <u>se</u> prisoner's mail must go through the conduit of prison authorities whom he cannot control and whose interests might be adverse to his. <u>See</u> <u>Houston</u>, 487 U.S. at 271.

"Where it is unclear when a <u>pro</u> <u>se</u> state prisoner mailed his or her habeas petition, the court assumes that the petition is filed on the day it is signed and dated." <u>Porter v. Greiner</u>, No. 00-6047, 2005 WL 3344828, at *7 (E.D.N.Y. Nov. 18, 2005)(citing <u>Adeline v. Stinson</u>, 206 F.3d 249, 251 n.1 (2d Cir. 2000) ("[W]e treat the petitioner's petition as having been given to prison officials for filing, and therefore having been filed, on the date that appears on his petition . . . .")).  The Court construes the date Petitioner signed the Petition (November 30, 2009) as the effective filing date. The Petition accordingly is timely.

## III. Exhaustion and Procedural Default

Respondent raises the defenses of non-exhaustion and procedural default with regard Petitioner's habeas claims. Respondent argues that certain claims, although technically unexhausted, must be "deemed exhausted" and procedurally defaulted due to the absence of further appellate review. <u>See</u>, <u>e.g.</u>, <u>Grey v. Hoke</u>, 933 F.2d 117, 120-21 (2d Cir. 1991). Respondent argues that other of Petitioner's claims are unexcused procedural defaults because the C.P.L. § 440.10 court relied upon adequate and independent state grounds to dismiss them. <u>E.g.</u>, <u>Coleman v.</u>

Thompson, 501 U.S. 722, 729-30, 749-50 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.") (citations omitted); accord, e.g., Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (per curiam) ("[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim.").

Respondent argues, in the alternative, that Munson's claims are wholly without merit. The Court agrees. Because the claims are easily denied on the merits, the Court has reviewed their substance rather than addressing the affirmative defense of procedural default. See, e.g., Dunham v. Travis, 313 F.3d 724, 729-30 (2d Cir. 2002) ("[H]urdling the procedural question to reach the merits of a habeas petition" may be justified if the underlying issues "were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.") (internal quotation marks and citation omitted).

**IV.   Merits of the Petition**

    **A.   Claims Pertaining to the Voluntariness of Petitioner's Guilty Plea**

Petitioner challenges his conviction on the grounds that his guilty plea was (1) unlawfully induced when he was forced to choose

-4-

a charge to which he pled guilty and was not given an explanation of the crime's elements (Ground 1); (2) invalid because that crime (first degree assault under New York Penal Law ("P.L.") § 120.10(4)) was not submitted to the Grand Jury (Grounds 2 and 3); (3) coerced by defense counsel's erroneous sentencing advice (Ground 2); and (4) tainted by the prosecutor's alleged bad faith in belatedly disclosing incriminatory audio-recordings of Petitioner, while incarcerated, attempting to intimidate a witness (Ground 2).

### 1.    Involuntariness of the Guilty Plea

Petitioner contends that his guilty plea was coerced because he was forced, at the last minute, to pick the charge to which he would plead guilty. This is refuted by the transcript of the plea proceeding, which shows that the decision was made with the advice of counsel.

Although the prosecution offered a plea to first degree robbery, defense counsel, after consulting with Munson, requested that his client be allowed to plead guilty to first degree assault. Trial counsel explained that Munson "would have a much better colloquy to the third count than the first."

The plea transcript also refutes Petitioner's claim that he did not understand the nature of the crime to which he was pleading guilty. Munson confirmed in his plea allocution that he fully understood the consequences of his decision to forego trial, that

he had sufficient time to discuss the case with his attorney, and that he understood the terms of the plea agreement. Petitioner then admitted all of the necessary elements of first degree assault. A district court on habeas review may rely on a petitioner's sworn statements and hold him to them. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (citations omitted).

## 2. Failure of the Prosecution to Submit the Charge to Which Petitioner Allocuted to the Grand Jury

Petitioner contends that his guilty plea to first degree assault was invalid as a matter of law because he allegedly pled guilty to a crime which was never submitted to the grand jury. Petitioner also submits these factual allegations as a separate basis for habeas relief.

Inasmuch as these claims relates to alleged defects in the indictment and grand jury proceeding, they have been waived by Munson's knowing, voluntary, and intelligent guilty plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (finding that a defendant's

-6-

properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights); accord United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea."); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea."). Accordingly, this claim does not present a basis for habeas relief.

### 3.   Ineffective Assistance of Trial Counsel

A guilty plea operates as a waiver of important constitutional rights, and is valid only if done knowingly, intelligently, and voluntarily "'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)); see also Hill v. Lockhart, 474 U.S. 52, 56 (1985) (stating that a guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the petitioner). "[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." Bradshaw, 545 U.S. at 186 (citations omitted). Rather, a defendant may challenged the

validity of his guilty plea only if can show either that he entered into the unfavorable deal due to constitutionally-defective advice from counsel or that he could not understand the terms of the bargain. Id. (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

To prevail on a claim of ineffective assistance of counsel, the defendant must meet the two-pronged standard of 1) showing that counsel's conduct falls below "an objective standard of reasonableness" under "prevailing professional norms" and 2) affirmatively proving prejudice, that is, demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In the context of a guilty plea, the criminal defendant must also show a reasonable possibility that but for counsel's errors, the outcome would have been different–i.e., that he would not have pleaded guilty and would likely have been acquitted at trial, or would have received a significantly more favorable sentence. Hill v. Lockhart, 474 U.S. at 59-60; accord Carrion v. Smith, 549 F.3d 583, 588 (2d Cir. 2008).

"When a state court guilty plea is alleged to be constitutionally invalid because the defendant was not told or was misinformed about sentencing information requisite to an informed plea, the issue is "whether the defendant was aware of actual

-8-

sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea.'" Hunter v. Fogg, 616 F.2d 55, 58 (2d Cir. 1980) (quoting Caputo v. Henderson, 541 F.2d 979, 984 (2d Cir. 1976); Kelleher v. Henderson, 531 F.2d 78 (2d Cir. 1976)). See also Joyner v. Vacco, 97 cv 7047, 2000 WL 282901, at *7 (S.D.N.Y. Mar. 15, 2000) ("As a practical matter, the two-part Hunter test is seldom met. In particular, courts have often found that even though a petitioner had been inaccurately informed of the actual sentence facing him, accurate information would not have changed his decision to plead guilty. A petitioner's chances of success at trial, and his understanding of those chances, is an important consideration in making this determination.").

Munson asserts that his guilty plea was coerced because his attorney allegedly gave him incorrect legal advice in regard to the sentencing consequences should he be convicted after trial of all counts. However, Munson's claim is contradicted by Exhibit A submitted in support of his Petition, a letter from trial counsel James S. Hinman, Esq., dated November 29, 2005. Attorney Hinman thoroughly explains the discussions leading up to Munson's decision to plead guilty and indicates that trial counsel did not give Munson the allegedly faulty sentencing advice about which Munson complains. Because Munson's claim is factually baseless, it is dismissed.

### 4.    Prosecutorial Bad Faith During Plea Negotiations

Munson faults the prosecution for the allegedly belated disclosure of jailhouse recordings memorializing his attempts to intimidate a witness. Petitioner claims this undermined the fairness of the plea proceedings, but he has not demonstrated how his ultimate decision was affected by this alleged error. As Respondent argues, evidence that Munson was caught on tape trying to improperly influence a witness was a valid factor in his decision to plead guilty. This claim is patently without merit and is dismissed.

### B.    Improper Amendment of the Indictment

As Ground Four of the Petition, Munson asserts that the assault count to which he pled guilty allegedly was illegally amended under C.P.L. § 200.70(1). As discussed above, this claim has been waived by his valid guilty plea. Tollett v. Henderson, 411 U.S. at 267.

### C.    Ineffective Assistance of Trial Counsel

As Ground Five of the Petition, Munson asserts that trial counsel's performance was constitutionally defective. In particular, he contends that trial counsel (1) gave him incorrect sentencing advice; (2) failed to seek sanctions for the late disclosure of the jailhouse tapes; (3) failed to argue that the photo array was unduly suggestive because the witness allegedly viewed Petitioner's photographs and/or his brother's photographs

prior to the identification procedure; and (4) failed to move to dismiss the indictment as jurisdictionally defective.

As discussed above, Munson's claim that trial counsel provided incorrect advice about his sentencing exposure is unsubstantiated.

With regard to the failure to seek discovery sanctions, the failure to challenge the photo array as unduly suggestive, and the failure to move to dismiss the indictment, these alleged errors do not pertain to the quality of counsel's representation in regard to Munson's decision to plead guilty. Therefore, they are not proper bases on which to challenge counsel's performance. See Tollett, 411 U.S. at 267 (After entering a guilty plea, a criminal defendant may not "thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea [.]"); see also Vasquez v. Parrott, 397 F. Supp.2d 452, 464 (S.D.N.Y. 2005)("The petitioner's unconditional guilty plea waives the separate claim that he was denied effective assistance of counsel because of his counsel's failure to support the second speedy trial motion, because that motion did not relate to the character of his guilty plea.").

In addition, Munson's contention about counsel's performance regarding the identification procedure is contradicted by the record: At the Wade hearing, trial counsel did challenge the photo array as unduly suggestive, on the basis urged by Munson here.

Munson's claim of ineffective assistance of counsel appears to be based on nothing more than his after-the-fact dissatisfaction with the prosecution's plea offer and the resultant term of incarceration, which does not constitute a valid basis on which to find that his counsel was ineffective. Albanese v. United States, 415 F. Supp.2d 244, 251 (S.D.N.Y. 2005)(citing United States v. Garguilo, 324 F.2d 795, 797 (2d Cir. 1963) ("A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence.")).

D.  **Suggestiveness of the Identification Procedure**

As Ground Six, Munson repeats his allegations regarding the alleged suggestiveness of the photo array. Although a voluntarily-entered and properly-counseled guilty plea generally waives all constitutional challenges to events occurring prior to its acceptance, United States v. Broce, 488 U.S. 563, 569 (1989), an exception to this rule is made if the applicable state law permits a defendant to appeal specified constitutional issues, Lefkowitz v. Newsome, 420 U.S. 283, 293 (1975). In such a case, those same issues may also be pursued in a subsequent federal habeas corpus petition. 420 U.S. at 293.

New York does statutorily preserve a defendant's right to appeal from denial of a motion to suppress evidence, notwithstanding a plea of guilty. See N.Y. Crim. Proc. Law § 710.70(2); accord Smoot v. McGinnis, No. CV 98-4145(RR), 2001 WL

-12-

1328593, at *4 (E.D.N.Y. Sept. 20, 2001) (citing <u>Oquendo v. Scully</u>, No. CV 89-1208(RR), 1990 WL 88620, at *3 (E.D.N.Y. June 11, 1990) (holding that petitioner who could challenge adverse suppression ruling on appeal despite guilty plea due to C.P.L. § 710.70 could raise same claim in federal habeas petition)). However, Munson's attack on the suggestiveness of the photo array does not warrant habeas relief. The allegations of suggestiveness are unsubstantiated. The photo array was never incorporated into the state appellate record, and Petitioner's allegations are not supported by the testimony presented at the <u>Wade</u> hearing. This claim accordingly is dismissed.

**V.   The Motion to Stay (Docket No. 11)**

Munson has requested a stay in the event that this Court were to agree with Respondent's argument that certain of his habeas claims are unexhausted. However, the Court has considered all of Munson's habeas claims on the merits, and therefore his motion to invoke the stay-and-abeyance procedure is denied as moot.

**VI.   The Motion for Discovery (Docket No. 11)**

Munson has requested permission to submit interrogatories to his appellate counsel so that he can  substantiate a claim that appellate counsel's alleged ineffectiveness constitutes "good cause" under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), for purposes of obtaining a stay.

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997); <u>see</u> <u>also</u> <u>Drake v. Portuondo</u>, 321 F.3d 338, 346 (2d Cir. 2003). Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." <u>See</u> <u>Bracy</u>, 520 U.S. at 904. Whether a petitioner has shown "good cause" depends on whether the petitioner has set forth specific allegations that provide "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." <u>Id.</u> at 908-09 (quotation omitted).

Munson's interrogatories pertain to appellate counsel's alleged failure to properly exhaust the claims raised in Munson's <u>pro</u> <u>se</u> supplemental brief by including them in the leave application to the New York Court of Appeals. However, the Court has considered all of Munson's habeas claims on the merits, notwithstanding the failure to exhaust. Therefore, Munson's motion to invoke discovery procedures is denied as moot. Furthermore, Munson has failed to demonstrate "good cause" under <u>Bracy</u> because his assertions regarding appellate counsel's performance are without merit.

**VII. Conclusion**

For the reasons stated above, Timothy Munson's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the Petition is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2).

Munson's Motion for a Stay (Docket No. 11) and Motion for Discovery (Docket No. 11) are denied with prejudice.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal <u>in forma pauperis</u>.

**SO ORDERED.**

S/Michael A. Telesca

_____
    MICHAEL A. TELESCA
United States District Judge

DATED:     June 23, 2011
           Rochester, New York